# IN THE COURT OF APPEALS OF IOWA

No. 20-0905
Filed April 14, 2021

**LARRY NATHANIEL KENNEDY,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Webster County, Kurt L. Wilke,

Judge.

Larry Kennedy appeals the district court's dismissal of his third application

for postconviction relief. **AFFIRMED.**

Karmen Anderson, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Louis S. Sloven, Assistant Attorney

General, for appellee State.

Considered by Vaitheswaran, P.J., and Greer and Schumacher, JJ.

**VAITHESWARAN, Presiding Judge.**

In 2000, a jury found Larry Kennedy guilty of first- and second-degree sexual abuse. The court of appeals affirmed his judgment and sentence in 2002, and procedendo issued the same year. *See State v. Kennedy*, No. 00-2058, 2002 WL 984515, at *6 (Iowa Ct. App. May 15, 2002). Almost seventeen years later, Kennedy filed his third postconviction-relief application.[1] The State moved to dismiss the application on the ground that it was untimely. *See* Iowa Code § 822.3 (2019) (stating a postconviction-relief application "must be filed within three years from the date the conviction or decision is final or, in the event of an appeal, from the date the writ of procedendo is issued," unless the application raises "a ground of fact or law that could not have been raised within the applicable time period"). The postconviction court granted the dismissal motion following a hearing. The court reasoned: "The Applicant has filed his resistance to the State's motion that offers absolutely nothing of fact or law that could not have been raised within the applicable time period, let alone anything that would likely change [the] result of case." Kennedy filed a motion for expanded findings and conclusions, which the court denied.

On appeal, Kennedy contends a relation-back doctrine recognized by the supreme court should have been applied to overcome the untimely filing. *See Allison v. State*, 914 N.W.2d 866, 891 (Iowa 2018) ("[W]here a PCR petition alleging ineffective assistance of trial counsel has been timely filed per section

---

[1] Kennedy's appeal from the denial of his first postconviction relief application was dismissed in 2005 and his second postconviction relief application was dismissed in 2019, with no appeal.

822.3 and there is a successive PCR petition alleging postconviction counsel was ineffective in presenting the ineffective-assistance-of-trial-counsel claim, the timing of the filing of the second PCR petition relates back to the timing of the filing of the original PCR petition for purposes of Iowa Code section 822.3 if the successive PCR petition is filed promptly after the conclusion of the first PCR action.").  Suffice it to say that, if *Allison* applies, it does not save his untimely application.  *See Lang v. State*, No. 20-0510, 2021 WL _____, at *__ (Iowa Ct. App. ____, 2021) (citing 2019 Iowa Acts ch. 140, § 34 (codified at Iowa Code § 822.3 (2019)) (effective July 1, 2019, amending Iowa Code section 822.3 to state, "[a]n allegation of ineffective assistance of counsel in a prior case under this chapter shall not toll or extend the limitation periods in this section nor shall such claim relate back to a prior filing to avoid the application of the limitation periods")); *Johnson v. State,* No. 19-1949, 2021 WL 210700, at *3 (Iowa Ct. App. Jan. 21, 2021) (stating "[t]his amendment appears to abrogate *Allison*"); *see also Finch v. State*, No. 19-1982, 2021 WL 810859, at *1 (Iowa Ct. App. Mar. 3, 2021*); Palmer v. State*, No. 19-1487, 2021 WL 811161, at *1 (Iowa Ct. App. Mar. 3, 2021); *Johnson*, 2021 WL 210700, at *2 ("[W]e have repeatedly concluded that 'delays [of] one year or more' are not sufficiently 'prompt.'" (quoting *Maddox v. State*, No. 19-1916, 2020 WL 5230367, at *2–3 (Iowa Ct. App. Sept. 2, 2020))); *Moon v. State*, No. 19-2037, 2021 WL 610195, at *4 (Iowa Ct. App. Feb. 17, 2021) (citing cases).

We affirm the dismissal of Kennedy's third postconviction-relief application.

**AFFIRMED.**